JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

KRISTEN GOHN

**(b)** County of Residence of First Listed Plaintiff: SHASTA CTY, CA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Andrew M. Milz
Flitter Milz, P.C.,450 N. Narberth Avenue, Suite 101
Narberth, PA 19072

## DEFENDANTS

TRUMARK FINANCIAL CREDIT UNION

County of Residence of First Listed Defendant: MONTGOMERY CTY, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
15 U.S.C. § 1681

Brief description of cause:
Violation of Fair Credit Reporting Act ("FCRA")

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE: Aug 19, 2026

SIGNATURE OF ATTORNEY OF RECORD: /s/ Andrew M. Milz

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Philadelphia, PA

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A. Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☑ 16. All Other Federal Question Cases. *(Please specify)*: Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):__________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[XXX] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**FLITTER MILZ, PC**
Andrew M. Milz, Esq.
amilz@consumerslaw.com
Jody Thomas Lopez-Jacobs, Esq.
Jlopez-jacobs@consumerslaw.com
Edward M. Flitter, Esq.
eflitter@consumerslaw.com
450 N. Narberth Ave, Suite 100
Narberth, PA 19072
Telephone: (610) 822-0781

**LOKER LAW, APC**
Matthew M. Loker, Esq. (Pro Hac Vice Pending)
(CA Bar No.279939)
Matt.loker@loker.law
Scott M. Plescia (Pro Hac Vice Pending)
(CA Bar No. 349319)
Scott.plescia@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

*Attorneys for Plaintiff,*
Kristen Gohn

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE. CA 93420

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

**KRISTEN GOHN,**

Plaintiff,

**v.**

**TRUMARK FINANCIAL CREDIT UNION,**

**Defendant.**

**Case No.:**

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**

**I. FAIR CREDIT REPORTING ACT**

**JURY TRIAL DEMANDED**

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## INTRODUCTION

1. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."
2. KRISTEN GOHN ("PLAINTIFF"), by Plaintiff's attorneys, brings this action against TRUMARK FINANCIAL CREDIT UNION ("TRUMARK") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., arising from Trumark's furnishing of inaccurate credit information to consumer reporting agencies and its failure to reasonably investigate Plaintiff's disputes regarding fraudulent accounts opened in Plaintiff's name, which conduct caused Plaintiff damages.
3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.
4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.
5. Unless otherwise stated, all the conduct engaged in by Trumark took place in

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

Pennsylvania.

6. Any violations by Trumark were knowing, willful, and intentional, and Trumark did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Trumark's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Trumark.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

9. This action arises out of Trumark's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA").

10. This Court has personal jurisdiction over Trumark because Trumark is headquartered and conducts business within the Commonwealth of Pennsylvania.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because: (i) Trumark resides within this judicial district; and (ii) a substantial part of the events or omissions giving rise to Plaintiff's claims, including Trumark's origination of the fraudulent accounts at issue, occurred within this judicial district.

## PARTIES

12. Plaintiff is a natural person who resides in Shasta County, California, from whom Trumark sought to collect a debt which was alleged to be due and owing from Plaintiff.

13. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

14. Trumark is a credit union operating from the Commonwealth of Pennsylvania.

15. Trumark is a furnisher of information as contemplated by FCRA § 1681s-2(b), in that it regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with consumers.

## FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiff is an individual residing within the State of California.

17. Plaintiff is the victim of identity theft.

18. Plaintiff did not authorize anyone to use her personal identifying information to obtain credit, loans, goods, or services, nor did she receive any benefit from the fraudulent transactions.

19. Plaintiff first became aware of possible identity theft in November 2021, when she received a phone call from Best Buy asking for an individual named "Kristen Roberson", a name Plaintiff has never used.

20. Plaintiff then received alerts from Credit Karma that multiple hard inquiries had been made on her Trans Union credit file that she did not authorize.

21. Plaintiff reviewed her credit reports and discovered multiple accounts, inquiries, addresses, phone numbers, and personal identifiers falsely associated with her, including the name "Kristen Roberson", a fraudulent address at 4820 Westminster Ave, Philadelphia, PA 19131, along with phone number (302) 459-6008.

22. The fraudulent credit inquiries and accounts included those associated with Synchrony Bank (SYNCB), Citibank/Best Buy, and SYNCB/Lowes. These accounts and inquiries were the result of identity theft.

23. After Plaintiff disputed the fraudulent Synchrony, Citibank, and Best Buy inquiries and related accounts, those items were deleted from her credit reports.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

24. Despite the deletion of other fraudulent accounts, Plaintiff continues to be harmed because multiple Trumark Financial Credit Union accounts opened through identity theft remain on her credit reports.

25. The remaining fraudulent Trumark accounts include a credit card account ending 4323 opened on September 22, 2021, and charged off for more than $15,000; an account ending 0004 opened on September 15, 2021 and charged off for more than $5,800; and another credit account ending 0001 opened on September 22, 2021, and charged off for nearly $15,000.

26. At the time the fraudulent Trumark accounts were opened, Trumark accessed and reviewed a consumer credit profile associated with Plaintiff's Social Security number.

27. That credit profile unmistakably identified Plaintiff as a California resident, reflecting longstanding California addresses, California-based credit activity, and a credit history exclusively tied to the State of California.

28. The identity used to open the Trumark accounts did not match Plaintiff's true legal identity. Plaintiff's correct surname is Rogerson (a name she has not used since 2018), while the fraudulent applications and account records listed the name "Roberson."

29. Trumark therefore knew, before extending any credit, that the identity being used belonged to a California consumer.

30. Despite this knowledge, Trumark approved and opened multiple credit accounts using a false name, false Pennsylvania address, and false phone number, while knowingly attaching the resulting debt to Plaintiff.

31. On October 16, 2024, Plaintiff sent a comprehensive written dispute package to Trans Union, Experian and Equifax, which included her identity-theft affidavit, police report, annotated disclosures, identity documents, and proof of residence.

32. This dispute was transmitted through the credit bureaus to Trumark.

33. Despite Plaintiff supplying overwhelming evidence of identity theft, Trumark failed to conduct a reasonable reinvestigation and continued to furnish the fraudulent Trumark accounts on Plaintiff's consumer reports.

34. On November 17, 2024, Trans Union issued the results of Plaintiff's disputes and verified the Trumark accounts as "accurate."

35. On November 19, 2024, Equifax issued its dispute results and likewise verified the Trumark accounts as belonging to Plaintiff.

36. On November 19, 2024, Experian issued its dispute results and likewise verified the Trumark accounts as belonging to Plaintiff.

37. At the time of filing of this action, the Trumark accounts appear on Plaintiff's Experian, Trans Union and Equifax credit reports.

38. Trans Union, Experian and Equifax possessed all of Plaintiff's correct identifying information at the time they conducted their reinvestigations, including that Plaintiff is a California resident whose legitimate credit history, addresses, and financial activity occur exclusively in California.

39. Despite this, the fraudulent Trumark accounts were determined as accurate, even though the accounts were opened in Pennsylvania under the false name "Kristen Roberson," using a Pennsylvania address and phone number, none of which belong to Plaintiff.

40. No reasonable investigation could conclude that a California resident with no ties to Pennsylvania suddenly opened multiple high-limit accounts across the country under a different name and different identity. Trans Union's November 17, 2024, verification and Equifax's November 19, 2024 verification are therefore indefensible and demonstrate a willful failure to conduct even the most basic, good-faith reinvestigation required under the FCRA.

41. Any reasonable review of the information available to Trumark, including the mismatched address, the police report, and the supporting identification

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

materials, would have made the identity theft unmistakable.

42. Despite this, Trumark failed to conduct a reasonable investigation into Plaintiff's disputes.

43. Trumark continued to report and attempt to collect a debt that its own records showed was fraudulent. Trumark conducted a sham investigation and ignored the clear signs of fraud.

44. Trumark's failure to correct its reporting after receiving Plaintiff's police report, driver's license, and written dispute demonstrates a willful disregard for its obligations under 15 U.S.C. § 1681s-2(b).

45. Trumark submits inaccurate credit information regarding Plaintiff to the Credit Bureaus every thirty days.

46. Trumark's investigation was unreasonable.

47. More specifically, Trumark should have discovered from its own records, including Plaintiff's formal dispute, that the information being reported was inaccurate and materially misleading, since Plaintiff provided information showing that the Trumark debt was not owed.

48. Plaintiff contends that it was unreasonable for Trumark to not contact Plaintiff for further information if needed, and to not contact any third party which could have substantiated Plaintiff's disputes.

49. Trumark failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

50. Trumark failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

51. Due to Trumark's respective failure to reasonably investigate, Trumark further failed to correct and update Plaintiff's information as required by 15 U.S.C. §

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

52. By inaccurately reporting account information after notice and confirmation of its errors, Trumark failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

53. Trumark's actions have caused Plaintiff severe and ongoing emotional distress.

54. Due to Trumark's conduct, Plaintiff has experienced anxiety, fear, humiliation, frustration, anger, and loss of sleep as a result of seeing large debts falsely attributed to her name.

55. Due to Trumark's conduct, Plaintiff has suffered constant worry regarding her financial stability, ability to obtain credit, and long-term economic security.

56. As a direct and proximate result of Trumark's reckless approval of fraudulent credit, continued furnishing of false information, and failure to conduct a reasonable investigation, Plaintiff's consumer credit profile was severely damaged.

57. The charged-off Trumark accounts represented tens of thousands of dollars in delinquent debt that Plaintiff never incurred.

58. Trumark's reporting materially lowered Plaintiff's credit score and misrepresented Plaintiff as a high-risk borrower.

59. Because of Trumark's inaccurate reporting, Plaintiff has been unable to obtain financing for a vehicle on reasonable terms.

60. Plaintiff has further been unable to qualify for mortgage financing necessary to purchase a larger home.

61. These harms were foreseeable consequences of Trumark's conduct.

62. Trumark's conduct was willful, reckless, and in conscious disregard of Plaintiff's rights.

63. Plaintiff's continued efforts to correct Trumark's erroneous and negative

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

reporting by communicating Plaintiff's disputes with the Credit Bureaus were fruitless.

64. Trumark's continued inaccurate and negative reporting of inaccurate information to Plaintiff's credit report, in light of Trumark's knowledge of the actual error, was willful.

65. Trumark's continued inaccurate and negative reporting of inaccurate information to Plaintiff's credit report, in light of Trumark's knowledge of the actual error, was reckless.

66. Trumark's failure to correct the previously admitted inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Trumark's duty to refrain from reporting inaccurate information.

67. Accordingly, Trumark willfully and negligently failed to comply with its duty to reasonably investigate Plaintiff's dispute.

68. Trumark's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

69. Trumark's conduct has caused Plaintiff emotional distress.

70. Plaintiff has spent countless hours disputing this inaccurate information with Trumark in an attempt to provide any and all information needed for the investigation.

71. While Plaintiff was thorough in Plaintiff's disputes at all times, Trumark merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

72. Throughout this ordeal, Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because these large debts mischaracterize Plaintiff as someone that financially overextends herself and harms Plaintiff's credit score.

73. Despite Plaintiff's repeated attempts, Trumark continues to report an invalid

debt on Plaintiff's credit report.

74. As a direct and proximate result of Trumark's willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Trumark's inaccurate and derogatory information, without success.

75. As such, Plaintiff has been unable to obtain the credit benefits she should have earned by her stellar payment history.

76. Plaintiff is not able to calculate the total pecuniary loss at this time but will utilize the services of an economist.

77. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

78. To continue reporting an ongoing obligation despite the invalid nature of the account shows that Trumark took action involving an unjustifiably high risk of harm that was either known or so obvious that it should have been known.

79. Since Plaintiff's efforts to be absolved of the invalid debt were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681-1681X (FCRA)

## [AGAINST TRUMARK]

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

as though fully stated herein.

81. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

82. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Trumark.

83. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Trumark.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays that judgment be entered against Trumark for:**

- An award of actual damages, in an amount to be determined at trial, or damages of not less than $100 and not more than $1,000, pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Trumark for each incident of willful noncompliance with the FCRA;
- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Trumark for each incident of willful noncompliance with the FCRA;
- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Trumark for each incident of willful noncompliance with the FCRA;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Trumark for each incident of negligent noncompliance with the FCRA;

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

- An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Trumark for each incident of noncompliance with the FCRA;
- Punitive damages according to proof as to the FCRA.
- Any and all other relief the Court deems just and proper.

**TRIAL BY JURY**

84. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 19, 2026

Respectfully submitted,

**FLITTER MILZ, PC**

By: ___*/s/ Andrew M. Milz*__
ANDREW M. MILZ, ESQ.
ATTORNEY FOR PLAINTIFF

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

KRISTEN GOHN

*Plaintiff(s)*

v.

TRUMARK FINANCIAL CREDIT UNION

*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* TRUMARK FINANCIAL CREDIT UNION
335 COMMERCE DRIVE
FORT WASHINGTON, PA 19034-2701

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: ANDREW M. MILZ, ESQUIRE
FLITTER MILZ, P.C.
450 N. NARBERTH AVENUE, SUITE 101
NARBERTH, PA 19072

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc: